STEAM-GAUGE & LANTERN Co. and others *v.* McROBERTS and others.[1]

*(Circuit Court, N. D. Illinois,  January 25, 1886.)*

1. PATENTS FOR INVENTIONS—PLEADINGS.

Exceptions for impertinence and immateriality were filed to that part of a bill which described prior patents to the same inventor, and involving the the same principle as one of the patents in suit. *Held,* that it was entirely proper, and under the circumstances of the case almost necessary, to show the relation which the patent in suit bore to the prior patents.

2. SAME.

The history of the invention is a part of the controversy in a patent case. The state of the art, and the steps which have been taken, either by the inventor of the patent in question or by other inventors, are a necessary part of the testimony, and proper matters of averment in the bill.

3. SAME—RECITAL OF PRIOR LITIGATION.

It is proper to recite in a bill for infringement of a patent prior litigation over the same patent.

4. SAME—COMITY—RULE OF, IN SEVENTH CIRCUIT.

In the Seventh circuit, by a rule of comity, the courts, in patent cases, endeavor to observe and follow the decisions which have been made in reference to the same patents, and even upon kindred questions, in other circuits.

In Equity.

*John G. Chandler* and *Paul Bakewell,* for defendants.
*Coburn & Thacher,* for complainants.

BLODGETT, J.   Nine exceptions are filed to the bill by the St. Louis Railway Supplies Manufacturing Company, one of the defendants in this case.   The first, second, third, fourth, and tenth are applicable to so much of the bill as sets out the successive steps of John H. Irwin, the inventor of what is known as the "Tubular Lantern," or a lantern for burning kerosene by supplying an irreversible current of air to the burner.   By those five exceptions the defendants insist that all matter pertaining to the history of the Irwin inventions is immaterial and impertinent for the purposes of this case.   The suit involves one of the patents of Irwin, and the pleader, in stating the case in the bill, describes quite a number of patents which were issued from time to time to Irwin for lamps and lanterns involving the principle of the patent in question.   It seems to me that the history of the invention is not only entirely proper under the circumstances of this case, but that it is almost a necessary part of the complainants' bill, to show the relation which the patent in question bears to other patents which Irwin had obtained upon kindred devices.   I do not, therefore, think that those objections are well taken.   The history of an invention is always a part of the controversy in the case.   The state of the art, the steps which have been taken, either by the inventor of the patent in question or by other inventors, is always a necessary part of the testimony in the case, and it seems to me a proper matter of averment in this bill.

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

The remainder of the exceptions refer to the allegations in the bill as to the litigation which has been had over this patent, some suits having been commenced in regard to other patents involving the principle of the irreversible current, and other cases having been upon the patent directly in question. It seems to me very proper for the complainant to set out this feature of his case, because in this circuit we are, by a rule of comity, endeavoring to observe and follow the decisions which have been made in reference to the same patent, or even upon kindred questions, in other circuits.

None of the objections are well taken, and all of them are overruled.